UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ANTHONY LAMONT MASON, II,

     Defendant.

_____/

Case No. 2:21-cr-270

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER OVERRULING
OBJECTIONS TO RULE 404(b) EVIDENCE [81] AND DENYING
MOTION FOR LEAVE TO AMEND RESPONSE AND OBJECTION [97]**

   Defendant Anthony Lamont Mason was charged in a four-count grand jury indictment with second-degree burglary; assault with a dangerous weapon with intent to do bodily harm; assault of a former intimate and dating partner by strangling, suffocating, and attempting to strangle and suffocate; and first-degree burglary. ECF 19, PgID 1–3. All the acts are alleged to have occurred in Indian Country. ECF 36, PgID 4. Before trial, the Government filed a Federal Rule of Evidence 404(b) notice. ECF 36. And Defendant objected to the notice. ECF 81. The Government then filed a supplemental 404(b) notice to "clarify exactly which prior acts the [G]overnment intends to present at trial" and "to provide notice . . . of two additional, but related, incidents disclosed in discovery." ECF 86, PgID 1. Defendant moved for leave to file an amended response and objection to the Government's 404(b) notice. ECF 97.

Because the notice and objections are straightforward, the Court will resolve them on the briefs without a hearing. For the reasons below, the Court will overrule Defendant's objections to the Rule 404(b) evidence and will deny him leave to amend his response and objection.

### BACKGROUND[1]

In February 2021, Defendant was arrested after he broke into his ex-girlfriend's (N.T.) house when she and her five-year-old child were not home. ECF 36, PgID 2. In March 2021, N.T. obtained a protective order against Defendant. *Id.* Her petition explained that Defendant had "choked [her] multiple times" while they were dating. *Id.*

Soon after the break-in incident, N.T. moved into a new home; Defendant learned of the new address when he and N.T. rekindled their relationship. *Id.* at 2–3. Two months later, however, N.T. obtained a second protective order that barred Defendant from contacting N.T. and her child for five years. *Id.* at 3 (citation omitted). But Defendant violated the order and confronted N.T. and her child outside a restaurant on May 9, 2021. *Id.* N.T. called the police to report the violation of the protective order. *Id.*

That evening, Defendant broke into N.T.'s new home; N.T. hid with her daughter in a closet and tried to call 911. *Id.* Defendant then located N.T. *Id.*

---

[1] "The Court takes its facts—for background purposes only, as [Defendant] is presumed innocent until proven guilty at trial—primarily from the" Government's Rule 404(b) notice brief, ECF 36. *United States v. Folse*, 163 F. Supp. 3d 898, 903 (D.N.M. 2015).

Defendant "grabbed her by her hair, dragged her across the floor, brandished a handgun, and hit N.T. in the back of the head with the handgun." *Id.* He also "poured water over [N.T.'s] face causing her to be unable to breathe" and "strangled her." *Id.*

A surveillance camera recorded Defendant running after N.T. down the street and then fleeing the scene. *Id.* at 3–4. About two hours later, Defendant was seen driving by N.T.'s house, shouting, and pointing a gun at the home. *Id.* at 4. One eyewitness heard Defendant yell, "I'm going to kill you." *Id.* Defendant was indicted for the February and May break-ins. ECF 19.

## LEGAL STANDARD

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "An uncharged act is admissible as *res gestae*—intrinsic evidence not subject to [Rule] 404(b)—if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act." *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010) (quotation omitted); *see also United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) ("Evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense charged in the indictment.") (cleaned up).

As for extrinsic evidence, the Tenth Circuit "consider[s] a four-factor test when determining the admissibility of evidence under Rule 404(b)." *United States v. Davis*, 636 F.3d 1281, 1297 (2011). First, "the evidence must be offered for a proper purpose." *Id.* Second, "the evidence mut be relevant." *Id.* Third, "the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice." *Id.* And fourth, "the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted," under Rule 105. *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988) and *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)).

"[I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001). Thus, the Rule 404(b) admissibility standard is permissive. *Davis*, 636 F.3d at 1298 (citation omitted). And "to be inadmissible under [R]ule 403, evidence must do more than 'damage the [d]efendant's position at trial.'" *United States v. Burgess*, 576 F.3d 1078, 1099 (10th Cir. 2009) (quotation omitted). Rather, "it must make a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Id.* (cleaned up).

Last, "[a] limiting instruction cautions the jury that the Rule 404(b) evidence should be considered only for the purposes for which it was admitted and not as evidence of the defendant's character or propensity to commit an offense." *Davis*, 636 F.3d at 1298.

## DISCUSSION

The Court will first resolve Defendant's objections to the Government's first Rule 404(b) notice. After, the Court will address the Government's second 404(b) notice.

I.   <u>First 404(b) Notice</u>

The Government's first Rule 404(b) notice sought "to admit the testimony of prior instances of [Defendant] strangling N.T. and evidence of [Defendant] violating the protection order [] on May 9." ECF 36, PgID 6. Defendant's only specific objection pertained to "the admissibility of N.T.'s testimony related to prior instances of alleged abuse by [him]." ECF 81, PgID 2. General objections to the entire notice are insufficient. *See generally United States v. McGlothin*, 705 F.3d 1254, 1260–61 (10th Cir. 2013) (explaining that 404(b) objections are not preserved unless a defendant makes "a timely and specific objection").

The Court will allow the evidence about the protective order violation to be admitted at trial. For one, Defendant did not object to its admission. *See id.* at 2–5. For another, the evidence is intrinsic to the charged crimes. The violation would "provide context for" the later break-in on May 9, and "is necessary to a full

presentation of the case, or is appropriate in order to complete the story of the crime." *Kimball*, 73 F.3d at 272 (cleaned up).

The Court will also allow the evidence about the prior instances of Defendant strangling N.T. to be admitted at trial under 404(b). Although the evidence is extrinsic to the charged crimes, it is admissible under Rule 404(b)(2) based on the four *Huddleston* factors. The Court will address each factor in turn.

A. *Proper Purpose*

Under the first *Huddleston* factor, the Government argued that the prior bad acts would be admissible as evidence "to show [Defendant's] intent, knowledge, and lack of mistake when he placed his hands around N.T.'s neck on May 9 and squeezed." ECF 36, PgID 7. Defendant argued that "lack of mistake" is an improper purpose because Defendant is not arguing "that the charged conduct was an accident or mistake." ECF 81, PgID 3. And the Court agrees. No party has explained that Defendant's knowledge of the strangulation is in issue or that he was mistaken in his conduct. *See* ECF 36; 81.

But the evidence is admissible to prove intent. "The Tenth Circuit has repeatedly affirmed that evidence of prior abuse or violence against an individual may be properly introduced to show [a proper purpose] in a different allegation of violence against the same person." *United States v. Trejo*, No. 18-cr-1243, 2018 WL 4773106, at *5 (D.N.M Oct. 2, 2018) (collecting cases). Indeed, the Government seeks only to admit evidence of Defendant's violent acts against N.T., and not Defendant's propensity to act with violence or strangle people in general. *Cf. United States v.*

*Commanche*, 577 F.3d 1261, 1269 (10th Cir. 2009) (holding that a defendant's prior battery convictions only showed a violent predisposition and was not admissible under Rule 404(b)); *Trejo*, 2018 WL 4773106, at *6 (finding that "evidence of domestic violence against any other individuals" was inadmissible). The first factor is therefore satisfied.

### B.    Relevance

Under the second *Huddleston* factor, the evidence must be relevant, meaning it "has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." Fed. R. Evid. 401; *see Huddleston*, 485 U.S. at 691–92. The evidence is directly relevant to the Government's intended presentation of evidence of times when Defendant strangled N.T. during the year before the charged incident: those instances include only Defendant and N.T. After all, "[t]he lynchpin of *Huddleston* relevance is similarity." *United States v. Henthorn*, 864 F.3d 1241, 1249 (10th Cir. 2017). The second factor is satisfied.

### C.    Probative Value versus Unfair Prejudice

For the third factor, "the Court must [] conduct a balancing analysis pursuant to Rule 403." *Trejo*, 2018 WL 4773106, at *6; *see Huddleston*, 485 U.S. at 691–92. Under Rule 403, the Court may still exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Defendant argued that the evidence "is

highly likely to contribute to an improperly based jury verdict" because "the jury [may] believe that [Defendant] got away with abusing women before." ECF 81, PgID 4. And Defendant also claimed that "[t]he evidence will distract the jury from the central issue" "and will be time consuming." *Id.*

Although the "evidence could prejudice Defendant because the jury could react emotionally to the evidence of domestic violence," *Trejo*, 2018 WL 4773106, at *6, the potential for unfair prejudice does not "*substantially* outweigh" its high probative value, Fed. R. Evid. 403 (emphasis added). After all, the evidence is highly probative of the charged crimes given their "closeness in time and the similarity in conduct." *See United States v. Rodella*, 101 F. Supp. 3d 1075, 1110–11 (D.N.M. 2015) (collecting cases). And "under factor four, a limiting instruction is available to help alleviate concern about undue prejudice to Defendant and ensure that the evidence is not considered as propensity evidence." *Trejo*, 2018 WL 4773106, at *6. The third factor is thus satisfied.

D.    *Limiting Instruction*

Last, "[a] limiting instruction cautions the jury that the Rule 404(b) evidence should be considered only for the purposes for which it was admitted and not as evidence of the defendant's character or propensity to commit an offense." *Davis*, 636 F.3d at 1298. Defendant asked for N.T.'s testimony to be limited "to instances that were properly reported." The Government explained that N.T. "disclosed that while [she and Defendant] were dating," Defendant had "choked [her] multiple

times." ECF 36, PgID 2. N.T. disclosed the information in her petition for a protective order in March 2021.

The Court has already agreed to admit the evidence about the protective order violation. And N.T. obtained the protective order after she had explained that Defendant had choked her multiple times. *Id.* Thus, N.T. may testify about the prior instances of strangulation. But the Court will give a limiting instruction that cautions the jury to consider the evidence about the prior bad acts "for the purposes for which it was admitted and not as evidence of [] [D]efendant's character or propensity to commit an offense." *Davis*, 636 F.3d at 1298.

In sum, all evidence in the Government's first 404(b) notice is admissible, subject to the above-described limiting instruction. The Court will therefore overrule Defendant's objections to the first 404(b) notice.

II.    Second 404(b) Notice

To start, the Court will deny as untimely Defendant's motion to amend his response and objection to the Government's 404(b) notice, ECF 97. The Government filed its supplemental notice four days prior to the date of this Order. ECF 86. Thus, Defendant could have moved for leave to file amended objections a full week prior to trial. But Defendant filed no motion, and the Court prepared this Order and decided the motion. Moreover, trial is set to begin Monday, May 2, 2022. ECF 69. In other words, there is insufficient time for the Court to address the matter on the very eve of trial. All told, Defendant's motion for leave was untimely, and the Court will deny it.

The Government's second 404(b) notice included six prior bad acts, some of which were repeated from its first notice.[2] ECF 86, PgID 2–6. And prior bad acts 2, 5, and 6 are also admissible for similar reasons as in the first notice.

Prior bad acts 2 and 5 (breaking N.T.'s car window and violating a protection order, ECF 86, PgID 2, 6) are "evidence of prior abuse or violence against an individual" that "may be properly introduced to show [a proper purpose] in a different allegation of violence against" N.T. *Trejo*, 2018 WL 4773106, at *5 (collecting cases). As explained above, the Government seeks only to admit evidence of Defendant's abusive conduct against N.T., and not Defendant's propensity to act with violence or break into houses in general. The evidence is also admissible, and the Court need not duplicate its analysis here.

The Court will interpret prior bad act 6, Defendant "fleeing from police," ECF 86, PgID 6, as another instance of Defendant violating the protective order. For the reasons stated above, the evidence is admissible under Rule 404(b).

## CONCLUSION

All 404(b) evidence noticed by the Government is admissible, and Defendant's objections are overruled. The Court will allow a limiting instruction as to the testimony offered about Defendant's prior acts of choking N.T. that cautions the jury to consider the evidence about the prior bad acts for the purposes for which it was admitted and not as evidence of Defendant's character or propensity to commit the charged offenses.

---

[2] The Court already ruled that prior bad acts 1, 3, and 4 are admissible.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's objections to the Government's Rule 404(b) evidence [81] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for leave to amend his response and objection to the Government's 404(b) notice [97] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 29, 2022